UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRIETTA BENNETT,

    Plaintiff,

v.

WAL-MART INC.,

    Defendant.
_____/

Case No. 22-12197

Honorable Sean F. Cox
United States District Court Judge

**OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS**

This is a wrongful termination case. Plaintiff, Henrietta Bennett ("Bennett"), alleges that Defendant, Wal-Mart Inc. ("Wal-Mart"), improperly terminated her from employment in violation of federal law, state law, and public policy. This matter is before the Court on Wal-Mart's Motion to Dismiss for Failure to State a Claim. Bennett did not file a Response to Wal-Mart's Motion even after this Court's issuance of a Show Cause Order directing her to do so. (ECF No. 5). Pursuant to E. D. Mich. LR 7.1(f)(2), the Court will rule without hearing. For the reasons set forth below, the Court **GRANTS** Defendant's Motion. Bennett's case shall be dismissed.

**BACKGROUND**

On August 26, 2022, Bennett filed a *pro se* complaint against Wal-Mart in state circuit court in Genesee County, Michigan. (Compl. ECF No. 1). Bennett's claim alleges that Wal-Mart terminated her employment "in violation of [Bennett's] rights under Michigan and federal law." (Compl. ¶ 14).

On September 16, 2022, Wal-Mart removed this action to federal court on grounds of diversity jurisdiction under 28 U.S.C. § 1446 and 28 U.S.C. § 1332. (Removal Notice, ECF No. 1).

On September 23, 2022, Wal-Mart filed a Motion to Dismiss Bennett's case for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Per E. D. Mich. LR 7.1(e), Bennett was required to respond to Wal-Mart's Motion within 14 days of service. As of November 2, 2022, Bennett failed to file a Response to Wal-Mart's Motion.

On November 2, 2022, this Court Ordered Bennett to show cause in writing, by November 10, 2022, why she failed to respond to Wal-Mart's Motion within the required 14-day time period. (Show Cause Order, ECF No. 5). As of November 15, 2022, Bennett failed to respond to this Court's Order and to Wal-Mart's Motion.

Pursuant to E. D. Mich. LR 7.1(f), this Court will rule on Wal-Mart's Motion on the briefings and without hearing.

On September 14, 2016, Bennett was hired by Wal-Mart, at its Grand Blanc, Michigan location, as a receipt checker. (Compl. ¶ 3). On Aug. 10th, 2019, Bennett got into a dispute with a customer while checking the customer's receipt. (Compl. ¶¶ 6-7). During the dispute, the customer struck Bennett in the face. (Compl. ¶ 8).

After the dispute, Bennett was arrested and charged by the Township of Grand Blanc with non-domestic assault. (Compl. ¶ 9). Bennett hired an attorney, and the criminal charges against her were eventually dropped. (Compl. ¶12).

On August 29, 2019, a Wal-Mart employee issued Bennett a "Separation Notice for Michigan" form, effectively ending her employment with Wal-Mart. (Compl. ¶¶ 11, 14).

## STANDARD OF DECISION

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. The Court must construe the complaint in the light most favorable to the plaintiff and accept its allegations as true. *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). To survive a motion to dismiss, the complaint must offer sufficient factual

allegations that make the asserted claims plausible on their face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal conclusions couched as factual allegations will not suffice. *Rondigo, LLC v. Township of Richmond*, 641 F.3d 673, 670 (6th Cir. 2011). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ANALYSIS

Bennett's Complaint is dismissed for failure to state a claim. Even with *pro se* plaintiffs, trial and appellate courts should not have to guess at the nature of the claims asserted. *See Clark v. National Travelers Life Ins. Co.,* 518 F.2d 1167 (6th Cir.1975).

Bennett's Complaint makes conclusory allegations that Wal-Mart fired her in violation of federal law, state law, and state public policy. (Compl. ¶ 14). However, Bennett fails to identify which law or public policy Wal-Mart violated and further fails to articulate any factual allegations that make Bennett's claims plausible on their face. Therefore, her claims against Wal-Mart must be dismissed.

## CONCLUSION

For the reasons above, **IT IS SO ORDERED** that Wal-Mart's Motion to Dismiss for Failure to State a Claim is **GRANTED**.

**IT IS SO ORDERED**.

Dated: November 17, 2022          s/Sean F. Cox
                                                           Sean F. Cox
                                                           U. S. District Judge